Ruben T. Varela
2249 Camino Del Sol
Fullerton, California 92833
Plaintiff in Pro Per







## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ruben T. Varela, | Case No.: **SACV11-00945 AG** |
| Plaintiff, | |
| vs. | COMPLAINT |
| AMERICAN EXPRESS COMPANY; AND EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendants | DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff, **Ruben T. Varela**, hereby sues Defendants, AMERICAN EXPRESS COMPANY, and EXPERIAN INFORMATION SOLUTIONS, INC., and alleges:

### PRELIMINARY STATEMENT

Complaint - 1

1. This is an action for damages brought for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681b.

## JURISDICTION

2. The Court has jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. §1681p.

## VENUE

3. Venue is proper pursuant to 28 U.S.C §1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

4. Plaintiff, Ruben T. Varela, is a natural person residing at 2249 Camino Del Sol, Fullerton, California, 92833.

5. Defendant, AMERICAN EXPRESS COMPANY ("AMEX"), is a New York Corporation, authorized to do business in California, and resides at 200 Vesey Street, 30th Floor, New York, NY, 10285.

6. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), is an Ohio Corporation, authorized to do business in California, and resides at 475 Anton Blvd., Costa Mesa, CA, 92626.

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

## STATEMENT OF FACTS

8. On May 12, 2010, Defendant AMEX initiated a soft pull of Plaintiff's consumer report from Experian without a permissible purpose.

9. On June 30, 2010, Defendant AMEX initiated a soft pull of Plaintiff's consumer report from Experian without a permissible purpose.

10. During the period from May, 2010 through June, 2010, when Plaintiff's consumer report was impermissibly pulled, Plaintiff initiated no business transaction, had no contractual relationship, initiated no credit transaction involving the extension of credit, nor submitted any employment application with Defendant AMEX.

11. During the period from May, 2010 through June, 2010, when Plaintiff's consumer report was impermissibly pulled, Plaintiff had no "account" with Defendant AMEX, within the meaning of the Electronic Fund Transfer Act ("EFTA") §903(2), pursuant to 15 U.S.C. §1681a(r)(4).

(a) ETFA §903(2) is codified to 15 U.S.C. §1693a(2), which provides that: "the term *"account"* means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(i) of this title), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a

financial institution pursuant to a bona fide trust agreement. *(Emphasis added.)*

(b) 15 U.S.C. §1602(i) provides that: "the terms *"open end credit plan"* and "open end consumer credit plan" mean a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. A credit plan or open end consumer credit plan which is an open end credit plan or open end consumer credit plan within the meaning of the preceding sentence is an open end credit plan or open end consumer credit plan even if credit information is verified from time to time." *(Emphasis added.)*

12. In enacting the FCRA, Congress intended consumer privacy rights and the confidentiality of consumer credit information to be primary purposes of the title.

(a) Under "Congressional findings and statement of purpose", 15 U.S.C. §1681(a)(4) provides that: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, *and a respect for the consumer's right to privacy.*" (*Emphasis added.*)

13. FCRA, 15 U.S.C. §1681(b), provides that: "It is the purpose of this title to require that consumer reporting agencies adopt reasonable procedures for

meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the *confidentiality*, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title." (*Emphasis added.*)

14. FCRA, 15 U.S.C. §1681e(a), provides that: "Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [§1681c] and *to limit the furnishing of consumer reports to the purposes listed under section 604 [§1681b] of this title*. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [1681b] of this title." (*Emphasis added.*)

15. Thus, the statute governing "permissible purposes of consumer reports", 15 U.S.C. §1681b, operates to support the confidentiality of consumer reports by limiting their dissemination. FCRA, 15 U.S.C. §1681b(a) provides in pertinent part: "Subject to subsection (c), any consumer reporting agency may furnish a

consumer report under the following circumstances and no other." The statute provides an exhaustive, specific list of circumstances for which a consumer report may be obtained or furnished, with the crucial words in the opening phrase being "*and no other*." (*Emphasis added*).

## CLAIM I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681b, WILLFULL NON-COMPLIANCE BY DEFENDANTS AMERICAN EXPRESS COMPANY, and EXPERIAN

16. Paragraphs 1 through 15 are re-alleged as though fully set forth herein.

17. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. §1681a(c).

18. Defendant AMEX is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. §1681-s2.

19. Experian is a "consumer reporting agency" within the meaning of the FCRA, 15 U.S.C §1681(f).

20. Defendants AMEX and Experian willfully violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a) Defendant AMEX willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

(b) Experian willfully violated 15 U.S.C. §1681b, by furnishing Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

## CLAIM II

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681b, NEGLIGENT NON-COMPLIANCE BY DEFENDANT AMERICAN EXPRESS COMPANY, and EXPERIAN

21. Paragraphs 1 through 15 are re-alleged as though fully set forth herein.

22. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. §1681a(c).

23. Defendant AMEX is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. §1681-s2.

24. Experian is a "consumer reporting agency" within the meaning of the FCRA, 15 U.S.C §1681(f).

25. Defendants AMEX and Experian negligently violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a) Defendants AMEX negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

(b) Experian negligently violated 15 U.S.C. §1681b, by furnishing Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

26. Judgment for damages against AMEX and Experian for statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

27. Judgment for damages against AMEX and Experian for statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681o.

28. Any further relief which the court may deem appropriate.

## DEMAND FOR JURY TRIAL

29. Plaintiff hereby requests a jury trial on all the issues raised in this complaint.

Dated: June 23, 2011

By: _Ruben T. Varela_

Plaintiff in Pro Per